# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| IN RE: | Chapter 7 |
| CLARENCE RYAN WINCHESTER and | Case No. 10-60200 |
| MAXINE ELLA WINCHESTER | Judge Joseph M. Scott, Jr. |
| Debtors | |
| | |
| MAXIE E. HIGGASON, JR., TRUSTEE | |
| Plaintiff | |
| v. | Adversary Proceeding No. 10-6050 |
| HSBC/KAWASAKI, HSBC BANK NEVADA, | |
| CLARENCE RYAN WINCHESTER, and | |
| MAXINE ELLA WINCHESTER | |
| Defendants | |

### MEMORANDUM OPINION

This matter is before the Court pursuant to Defendant HSBC Bank Nevada's ("HSBC") Motion for Summary Judgment (Doc. 32). Maxie E. Higgason ("Trustee") commenced this adversary proceeding under 11 U.S.C. §§ 544 and 547 seeking to avoid HSBC's lien on the Debtors' all-terrain vehicle ("ATV") on the basis that HSBC failed to perfect its lien. The Court, however, finds that the ATV is a consumer good in which HSBC holds a purchase-money security interest, and HSBC's lien was automatically perfected upon attachment pursuant to KRS § 355.9-309. HSBC's Motion for Summary Judgment will therefore granted.

I.

On July 1, 2006, the Debtor husband, Clarence Winchester, entered into a financing arrangement known as The Good Times Card Program with HSBC which provided a revolving credit to purchase goods and services from an authorized The Good Times Dealer (Doc. 32, Exhibit A). Under this arrangement, Mr. Winchester purchased the ATV at issue from

Thompson's Kawasaki in Huntsville, Tennessee (Doc. 32, Exhibit B), and granted a purchase-money security interest in the ATV to Thompson's Kawasaki.  This purchase-money security interest was then assigned to HSBC.  HSBC admits in its motion for summary judgment that it did not file a lien on the ATV (Doc. 32).

The Debtors filed their Chapter 7 petition on February 14, 2010.  In the Chapter 7 Individual Debtor's Statement of Intention, the Debtors stated that they intended to surrender the ATV.  It is not disputed that the Debtors failed to perform their stated intention within the time limits of § 521.

On December 14, 2010, the Trustee commenced this adversary proceeding to avoid HSBC's lien, claiming HSBC failed to perfect by not filing its lien.  The Defendants failed to answer the complaint, and the Court granted the Trustee 10 days to file motions for default judgment (Doc. 8).  The Trustee filed a response stating that he had been contacted by HSBC within the 10-day period, and that he agreed to an extension of 14 days for HSBC to file an answer (Doc. 9).  HSBC filed its answer (Doc. 14).  The Debtors and HSBC/Kawasaki, however, did not file an answer, and motions for default judgment were entered (Doc. 11 and 17, respectively).  A motion for default judgment was entered against HSBC in error and HSBC properly moved for relief from the judgment, which was granted (Doc. 24).  The matter is set for trial on September 21, 2011 (Doc. 29).

On August 10, 2011, HSBC filed its Motion for Summary Judgment (Doc. 32).  In its motion, HSBC argues that the Trustee lacks standing to avoid HSBC's lien because the automatic stay has been lifted by operation of law under § 521(a)(6) due to the Debtors' failure to perform their stated intention of surrendering the ATV.  HSBC further argues that it is properly perfected even though it did not file its lien because it is automatically perfected via its purchase-money security interest in the ATV, which HSBC contends is a consumer good.

In response, the Trustee argues that § 521(a)(6) may only have effect if HSBC holds an allowed claim, and that HSBC's claim is not allowed because it has not filed a proof of claim (Doc. 34).  The Trustee further argues that the ATV is not a "household good" under 11 U.S.C. § 522(f)(4)(B)(v) because it is a motorized recreational vehicle, and HSBC's purchase-money security interest only applies to household goods.  HSBC's reply states that it did not file a proof of claim because the Notice of Bankruptcy directed HSBC to not file a proof of claim until it received notice to do so (Doc. 36, referencing 10-60200, Doc. 5).  Because HSBC did not receive a notice to file a proof of claim, it did not do so.  Furthermore, HSBC argues that it was

not required to file a proof of claim for § 521(a)(6) to have effect. HSBC maintains that its purchase-money security interest is properly perfected under Kentucky law, which, rather than § 522(f)(4)(B)(v), governs the perfection of security interests. The hearing on HSBC's motion for summary judgment is set for September 6, 2011 (Doc. 33).

II.

Summary judgment may be granted if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment "bears the initial responsibility of informing the [ ] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and it is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(F) and (K).

III.

Pursuant to § 521(a)(6), a Chapter 7 debtor may not retain possession of personal property in which a creditor holds a claim for the purchase price unless the debtor reaffirms or redeems the property within 45 days of the first meeting of creditors. 11 U.S.C. § 521(a)(6). If the debtor fails to take action within the 45 days, the automatic stay is terminated and the property is no longer property of the debtor's bankruptcy estate. *Id.* However, upon motion of the trustee within the 45-day period, the court may determine that the property is of consequential value or benefit to the estate and order the debtor to deliver the property to the trustee, while also ordering adequate protection to the creditor. *Id.*

In the Debtors' Chapter 7 case, the first meeting of creditors was held on March 25, 2010 (10-60200, Doc. 13). The Debtors, however, retained possession of the ATV after the 45-day period expired without redeeming or reaffirming the HSBC debt. Because of the Debtors' failure to act, HSBC contends that the automatic stay has been lifted by operation of law, the ATV is no longer property of the estate, and the Trustee therefore lacks standing to avoid HSBC's lien.

At issue in this matter is the language of § 521(a)(6) regarding "personal property as to which a creditor has an *allowed* claim . . . ." 11 U.S.C. § 521(a)(6).  The Trustee argues that § 521(a)(6) cannot operate to lift the automatic stay and remove property from the estate unless the HSBC has filed an allowed claim, which requires HSBC to file a proof of claim.  The Court recognizes that there is a split of authority regarding whether a proof of claim is required for § 521(a)(6) to take effect in a no-asset Chapter 7 case.  Some courts have held that a proof of claim is not required. *See In re Steinhaus*, 349 B.R. 341, 705-06 (Bankr. D. Idaho 2006); *In re Rowe*, 342 B.R. 341, 347-49 (Bankr. D. Kan. 2006); *In re DeSalvo*, No. 09-21056, 2009 WL 5322428, at *3-4 (Bankr. S.D. Ga. Nov. 16, 2009).  These courts posit that despite the language of § 521(a)(6), to require a proof of claim would lead to an absurd result, as that section would be made inapplicable in no-asset Chapter 7 cases.  Other courts have held that a proof of claim must be filed. *See Coastal Federal Credit Union v. Hardiman*, 398 B.R. 161, 178-180 (E.D.N.C. 2008); *In re Miller*, 443 B.R. 54, 57 (Bankr. D. Del. 2011); *In re Hinson*, 352 B.R. 48, 51-52 (Bankr. E.D.N.C. 2006); *In re Anderson*, 348 B.R. 652, 657 (Bankr. D. Del. 2006); *In re Donald*, 343 B.R. 524, 535-36 (Bankr. E.D.N.C. 2006).  However, because the Court finds that HSBC is properly perfected, HSBC's Motion for Summary Judgment may be granted without determining whether § 521(a)(6) requires the filing of a proof of claim.

The perfection of security interests is governed by state law. *See, e.g., In re Cornerstone E & P Co., L.P.*, 436 B.R. 830 (Bankr. N.D. Tex. 2010).  Currently, KRS § 186A.074 governs the titling of all-terrain vehicles.  Its effect is that all-terrain vehicles are treated as motor vehicles for purposes of titling and perfection of security interests. KRS § 186A.074 ("The Transportation Cabinet shall promulgate administrative regulations pursuant to KRS Chapter 13A requiring the procedures for titling of all-terrain vehicles to be consistent as far as practicable with motor vehicle titling.").  This statute, however, did not become effective until June 25, 2009.  As a result, the registration and title requirements for all-terrain vehicles only affect vehicles purchased after July 1, 2010:

> On or after July 1, 2010, any state resident who owns an all-terrain vehicle and creates a security interest on that vehicle shall be required to obtain a certificate of title within fifteen (15) days of the creation of the security interest.  The perfection and discharge of the security interest shall be governed by KRS 186A.190, 186A.195, 186A.200, 186A.205, 186A.210, and 186A.215.  The owner of an all-terrain vehicle shall not be eligible to obtain a certificate of registration pursuant to KRS 186.020.

KRS § 186A.070.  In this matter, the transaction occurred on July 1, 2006, exactly four years before the effective date of the current titling system.  Therefore, the current system does not apply in this matter.

Before the implementation of the current system, ATVs were exempt from titling and lien notation requirements because they were not authorized to operate on public highways.  *See In re Skeans*, 02-14431, 2003 Bankr. LEXIS 693 (Bankr. E.D. Ky. June 19, 2003) (ATVs are not "motor vehicles" for purposes of Kentucky perfection statute).  Therefore, the issue is whether HSBC perfected its security interest though means other than a notation on the certificate of title.  HSBC admits it did not file its lien on the ATV, but argues that the credit agreement granted HSBC a purchase-money security interest in the ATV.  Therefore, HSBC argues, its interest was perfected upon attachment without any filing pursuant to KRS § 355.9-309(1), and may not be avoided by the Trustee.  The Trustee argues that the ATV is not a consumer good, and therefore HSBC was required to file a UCC Financing Statement in order to perfect its lien.

Section 355.9-309(1) of the Kentucky Revised Statutes provides, in relevant part, that a security interest is perfected when it attaches if it is "[a] purchase-money security interest in consumer goods . . . ." KRS § 355.9-309(1).  Goods are defined as "all things that are movable when a security interest attaches." KRS § 355.9-102(1)(ar).  Consumer goods are defined as "goods that are used or bought for use primarily for personal, family, or household purposes." KRS § 355.9-102(1)(w).  This definition is identical to the one contained in § 9-109(1) of the Uniform Commercial Code.  HSBC claims the ATV meets the definition of "consumer goods" contained in KRS § 355.9-102(1)(w) because, according to the Trustee's complaint, "the ATV model is a one passenger item of equipment used for recreation and transportation." (Doc. 1, page 2, ¶ 6).

Clearly, the ATV is good because it was movable at the time when HSBC's purchase-money security interest attached.  In order to determine whether it is a consumer good, the definition of consumer goods requires the Court to look at what the ATV was used or bought for.  If it was used or bought for personal, as opposed to commercial purposes, then it is a consumer good.  The Trustee admits in his complaint that it was used primarily for recreational purposes and transportation.  The Court finds that such uses are personal, and therefore satisfy the definition of consumer goods.  Accordingly, when HSBC's purchase-money security interest attached, HSBC's interest was automatically perfected.  Because HSBC's interest is perfected, the Trustee may not avoid its lien under § 544.

Lastly, the Court notes Count II of the Trustee's complaint, in which he asserts that the transfer of the security interest by the Mr. Winchester was a preferential transfer and avoidable under § 547. However, the Trustee has failed to identify a transfer within the preference period of 90 days. The only transfer identified by the Trustee is the transfer of the security interest which took place on July 1, 2006, more than three years before the Debtors' petition date.

IV.

Because the ATV was bought and used for personal purposes, HSBC's purchase-money security interest was perfected upon attachment. Moreover, the Trustee has not identified a preferential transfer. Accordingly, the Court concludes there are no genuine issues of material fact and, even when viewing the evidence in the light most favorable to the Trustee, HSBC is entitled to judgment as a matter of law. A separate order will be entered granting HSBC's Motion for Summary Judgment and striking the hearing on said motion and subsequent trial.

Copies to:

Maxie E. Higgason, Jr., Esq., Chapter 7 Trustee

Elizabeth B. Alphin, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Friday, September 02, 2011**
**(jms)**